IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY LADON REESE, ) <br> AIS # 203961, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> OFFICER COLLINS, ) <br> ) <br> Defendant. ) | CASE NO. 2:25-CV-150-WKW <br> [WO] |

## **ORDER**

Plaintiff Larry LaDon Reese, an inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983. (Doc. # 1.) On April 1, 2025, the court issued an Order granting Plaintiff leave to proceed *in forma pauperis* and directing him to pay an initial partial filing fee of $40.77 on or before April 15, 2025 ("April 1 Order"). (Doc. # 5.) Following various filings by Plaintiff (*see* Docs. 6–8), the deadline to pay the initial partial fee was extended to May 7, 2025, by Order dated April 9, 2025 ("April 9 Order"). (Doc. # 9.) In the April 1 and April 9 Orders, the court cautioned Plaintiff that his failure to pay the initial partial filing fee as directed would result in dismissal of this action. (Doc. # 5 at 4; Doc. # 9 at 4.) In a letter to the court dated May 4, 2025, just three days before the imposed deadline, Plaintiff wrote that he "request[ed] the payment of $41.00 to be taken off [his] prison account." (Doc. # 12.) Nevertheless, more than four months have passed since the court's receipt of

Plaintiff's letter, and to date, he has not paid the fee as directed.

Because Plaintiff has failed to comply with the court's April 9 Order, this case is due to be dismissed without prejudice. A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up). However, the Eleventh Circuit has instructed that before dismissing an action for a prisoner's failure to pay a court-ordered initial partial filing fee, the district court must take reasonable steps to determine whether the prisoner attempted to comply with the order, such as by authorizing payment by prison officials. *See Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002) (per curiam). Giving Plaintiff a reasonable opportunity to respond to a show-cause order satisfies this requirement. *See id.* at 1321 (citing *Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000)).

Based on the foregoing, it is ORDERED that Plaintiff shall show cause, if there be any, on or before **October 15, 2025**, why this action should not be dismissed without prejudice for his nonpayment of the $40.77 initial partial filing fee as directed. The parties are advised that this show-cause order is not a final order and, therefore, is not appealable.

DONE this 24th day of September, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE