IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARRY LaDON REESE, AIS # 203961, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CASE NO. 2:25-CV-150-WKW [WO] |
| OFFICER COLLINS, | ) ) | |
| Defendant. | ) | |

## **ORDER**

Plaintiff Larry LaDon Reese filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and simultaneously filed an application to proceed *in forma pauperis*. (Docs. # 1, 2.) On April 1, 2025, Plaintiff was granted leave to proceed *in forma pauperis* and ordered to pay an initial partial filing fee of $40.77 by April 15, 2025 ("April 1 Order"). (Doc. # 5.) Following various filings by Plaintiff (*see* Docs. # 6–8), the deadline to pay the initial partial filing fee was extended to May 7, 2025, by Order dated April 9, 2025 ("April 9 Order"). (Doc. # 9.) In a letter to the court dated May 4, 2025, just three days before the May 7 payment deadline, Plaintiff wrote that he had "request[ed] the payment of $41.00 to be taken off [his] account." (Doc. # 12.)

In the April 1 Order, the court specifically cautioned Plaintiff that his failure to pay the initial partial filing fee as directed would result in dismissal of this action. (Doc. # 5 at 4.) However, Eleventh Circuit precedent mandates that before

dismissing an action for a prisoner's failure to pay a court-ordered initial partial filing fee, the district court must take reasonable steps to determine whether the prisoner attempted to comply with the order, such as by authorizing payment by prison officials. *See Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002) (per curiam). Giving Plaintiff a reasonable opportunity to respond to a show-cause order satisfies this requirement. *See id.* at 1321 (citing *Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000) (per curiam)).

Based on the foregoing authority, by Order dated September 24, 2025, the court directed Plaintiff to show cause by October 15, 2025, as to why he had not yet paid the initial partial filing fee ("September 24 Order"). (Doc. # 13.) The September 24 Order noted that, despite having been warned that his failure to pay the fee would result in dismissal and having been granted an extended deadline of May 7, Plaintiff still had not paid the fee. (Doc. # 13 at 1–2.)

To date, Plaintiff has neither paid the $40.77 initial partial filing fee as directed by the April 9 Order nor responded to the court's September 24 show-cause Order. Because Plaintiff has failed to comply with the court's directives, this action will be dismissed without prejudice.

A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07

(11th Cir. 2025) (cleaned up). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

In this instance, Plaintiff has not complied with the April 9 and September 24 Orders, despite their express directives. Consequently, this action will be dismissed without prejudice. Although not required for such a dismissal, the court finds a clear record of delay, given the extended period of noncompliance and the notice

3

provided. It further concludes that no lesser sanction than dismissal would be effective. *See id.*

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 29th day of October, 2025.

                                           /s/ W. Keith Watkins
                                  UNITED STATES DISTRICT JUDGE